REISSUED FOR PUBLICATION
MAR 9 2021
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-469V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | * | |
| BARBARA PLOWMAN, | * * * | **UNPUBLISHED** |
| Petitioner, | * * | |
| v. | * * | Special Master Katherine E. Oler |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Filed: December 18, 2020 |
| | * * | Interim Attorneys' Fees and Costs |
| Respondent. | * * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | * | |

*Jeffrey S. Pop*, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.
*Mollie D. Gorney*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On March 30, 2018, Barbara Plowman ("Petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program (the "Vaccine Program")[2] alleging that the influenza vaccine she received on November 2, 2016 caused her to develop a Shoulder Injury Related to Vaccine Administration ("SIRVA"). Pet. at 1, ECF No. 1. At the time, Petitioner was represented by Mr. Jeffrey S. Pop. On February 11, 2020, Petitioner filed a motion indicating that

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I intend to post this Decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

1

she intended to search for new counsel to represent her.  ECF No. 36 at 1-2.  On December 14, 2020, I dismissed the case for a failure to prosecute. ECF No. 46.

On June 9, 2020, Petitioner filed a Motion for Attorneys' Fees and Costs.  Fees App., ECF No. 38.  Petitioner requested attorneys' fees in the amount of **$16,108.20** and costs in the amount of **$4,867.30**[3] for a total of **$20,975.50**.  Fees App., Ex. 1 at 1.  Petitioner did not personally incur any costs in the prosecution of this case.  *Id.* at 5.  On June 11, 2020, Respondent filed a response stating it is within my discretion to award interim attorneys' fees and costs.  Fees Resp., ECF No. 40.  Respondent "defers to [me] to determine whether or not petitioner here has met the legal standard for interim fees and costs award." *Id.* at 2-3.

For the reasons discussed below, I hereby **GRANT IN PART** Petitioner's application and award a total of **$20,448.40** in interim attorneys' fees and costs.

I.   **Legal Standard**

A.  *Interim Attorneys' Fees and Costs*

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act.  *Shaw v. Sec'y of Health & Hum. Servs.*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343 (Fed. Cir. 2008).  In *Cloer*, the Federal Circuit noted that "Congress [has] made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352.  Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375.  *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion.  *See Avera*, 515 F.3d; *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Hum. Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013).  Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible balancing test.  *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Hum. Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

---

[3] Petitioner's Motion breaks this number down into two separate costs: Attorneys' costs, valued at $3,492.30, and expert fees for Dr. Younger, valued at $1,375.00.  However, the attorneys' costs include a $2,000.00 advance paid to Dr. Younger.  Fees App. at 5.  Accordingly, in this Decision, I have noted that Petitioner is requesting $3,375.00 in costs related to Dr. Younger.

2

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner has brought his petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Hum. Servs*, 105 Fed. Cl. 148 (2012), at 154; *Friedman v. Sec'y of Health & Hum. Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Hum. Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Hum. Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012).

### B.  *Good Faith*

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### C.  *Reasonable Basis*

Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must at least be supported by objective evidence -- medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Hum. Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

While the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id. at 286*. The Court in *Chuisano* found that a petition which relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290. *See also Turpin v. Sec'y Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, at *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, at *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney).

Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Chuisano*, 116 Fed. Cl. at 291.

3

The Federal Circuit has stated that reasonable basis "is an objective inquiry" and concluded that "counsel may not use [an] impending statute of limitations deadline to establish a reasonable basis for [appellant's] claim." *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). Further, an impending statute of limitations should not even be one of several factors the special master considers in her reasonable basis analysis. "[T]he Federal Circuit forbade, altogether, the consideration of statutory limitations deadlines—and all conduct of counsel—in determining whether there was a reasonable basis for a claim." *Amankwaa v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl. 282, 289 (2018).

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). Special masters and judges of the Court of Federal Claims have interpreted this provision to mean that petitioners must submit medical records or expert medical opinion in support of causation-in-fact claims. *See Waterman v. Sec'y of Health & Hum. Servs.*, 123 Fed. Cl. 564, 574 (2015) (citing *Dickerson v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 593, 599 (1996) (stating that medical opinion evidence is required to support an on-Table theory where medical records fail to establish a Table injury).

When determining if a reasonable basis exists, many special masters and judges consider a myriad of factors. The factors to be considered may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## II. Discussion

### A. *Undue Financial Hardship*

The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by petitioner's counsel. *Kirk*, 2013 WL 775396, at *2 (finding "the general principle underlying an award of interim fees was clear: avoid working a substantial financial hardship on petitioners and their counsel."). As the Interim Motion points out, Petitioner informed Mr. Pop that she was seeking different legal representation on February 4, 2020. Fees App. at 2. Mr. Pop accordingly withdrew as Petitioner's attorney on June 15, 2020. ECF No. 41.

In *Woods v. Sec'y of Health & Hum. Servs.*, the Court of Federal Claims recognized that an award of interim fees is appropriate where a petitioners' attorney is withdrawing. 105 Fed. Cl. 148, 154 (Fed. Cl. 2012); *see also Golm v. Sec'y of Health & Hum. Servs.*, No. 11-557V, 2013 U.S. Claims LEXIS 1009 (Fed. Cl. Spec. Mstr. July 7, 2013) (same). Special Masters have routinely awarded interim fees to Petitioner's original counsel when they are proceeding through litigation with new representation. *See Putnam v. Sec'y of Health & Hum. Servs.*, No. 16-1273V,

2017 U.S. Claims LEXIS 963, at *5 (Fed. Cl. Spec. Mstr. July 18, 2017); *Lumsden v. Sec'y of Health & Hum. Servs.*, No. 97-588V, 2012 U.S. Claims LEXIS 446 (Fed Cl. Spec. Mstr. Mar. 28, 2012) (same).[4]

I also note that the COVID-19 pandemic has had a significant impact on the United States economy and such impact has been recognized by this court. *See Monge-Landry v. Sec'y of Health & Hum. Servs*, No. 14-853V, 2020 U.S. Claims LEXIS 1250, at *14-15 (Fed. Cl. Spec. Mstr. Jun. 30, 2020) (recognizing the COVID-19 pandemic's continued disruption of the airline industry in its calculation of appropriate interim fees).

Given these unprecedented economic circumstances, the time already spent litigating this case, and the fact that this case has been dismissed, I find that the Petitioner would suffer undue hardship in the absence of an award of attorneys' fees and costs.

B. *Good Faith and Reasonable Basis*

Respondent has not raised any specific objection to the good faith or reasonable basis for this claim and leaves such a determination to my discretion. *See* Fees Resp. I find that the petition was filed in good faith.

As discussed above, the threshold for reasonable basis is a much lower standard than the burden to prove entitlement to compensation by preponderant evidence. In making a reasonable basis determination, I must look at a totality of circumstances, taking into account the factual basis for the claim, and the medical and scientific support offered. Petitioner has filed an extensive amount of medical records. *See* Exs. 1-18. Furthermore, Petitioner has submitted an expert report from Dr. Edward Younger. Ex. 19. Dr. Younger is a board-certified orthopedic surgeon and has practiced for over 30 years in the Sacramento, California area. *Id.* He also has authored four publications and has delivered numerous presentations on the subject of orthopedic surgery. Ex. 20 at 2-3. With the medical records and expert reports provided, such evidence is sufficient to justify the filing of this Petition. I therefore find the Petition was filed with reasonable basis.

As there is no other reason to deny the award of interim attorneys' fees and costs, I will award Petitioner's reasonable fees and costs in this instance.

C. *Attorneys' Fees*

Petitioner requests a total of **16,108.20** in attorneys' fees. Fees App. at 4.

i. *Reasonable Hourly Rate*

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for

---

[4] In this case, although Petitioner proceeded *pro se* rather than with new representation, she did so of her own volition.

the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[5]

Petitioner requests the following hourly rates for the attorney and paralegals who have worked on this matter to date:

| Name | 2017-2018 | 2019-2020 |
|---|---|---|
| Jeffrey S. Pop | $420.00 | $453.00 |
| Alexandra B. Pop | $225.00 | $262.00 |
| Law Clerks | $125.00 | $138.00 |

The requested rates for paralegals, Ms. Pop, and Mr. Pop are consistent with what they have previously been awarded. *See generally* Fees App. at 4-5. Accordingly, I find the requested rates to be reasonable and find that no adjustment is warranted.

      ii. *Hours Reasonably Expended*

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec.

---

[5] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.
The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.
The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.
The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.
The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

Mstr. Apr. 28, 2015).  Clerical and secretarial tasks should not be billed at all, regardless of who performs them.  *See, e.g., McCulloch*, 2015 WL 5634323, at *26.

Petitioner's counsel has provided a breakdown of hours billed and costs incurred.  Fees App., Ex. A.  I find the hours to be largely reasonable but a slight reduction in the number of hours billed is necessary for the billing of administrative tasks.  Notably, Mr. Pop's hours included the review of CM/ECF notifications, thus, I will subtract 0.5 hours[6] from Mr. Pop in 2017-2018, and 0.7 hours[7] from Mr. Pop in 2019-2020, for a reduction of **$527.10** (0.5 x $420.00 + 0.7 x $453.00).

Total attorneys' fees to be awarded: **$15,581.10.**

### D. *Reasonable Costs*

Petitioner requests a total of **$4,867.30** in costs, which includes obtaining medical records, medical literature, postage costs, the Court's filing fee, and expert report fees.  Fees App., Ex. A. at 41-43.

#### i. *Petitioner's expert costs*

Petitioner requests $3,375.00 for costs related to expert Dr. Edward Younger.  Dr. Younger billed this amount for the preparation of his report in this matter.  Fees App., Ex. 3 at 2-3.  Dr. Younger has been previously awarded his requested rate and I see no reason to disturb this request.  *Isaacson v. Sec'y of Health & Hum. Servs.,* No. 14-1056V, 2019 U.S. Claims LEXIS 534 (Fed. Cl. Spec. Mstr. April 23, 2019); *see also Shaver v. Sec'y of Health & Hum. Servs.*, No. 10-515V, 2019 U.S. LEXIS 199 (Fed. Cl. Spec. Mstr. Feb. 22, 2019).  I have reviewed the detailed breakdown of hours spent preparing this report by Dr. Younger and find the time he billed to be reasonable. I therefore award expert costs related to Dr. Younger in full.

#### ii. *Miscellaneous costs*

Petitioner requests $1,492.30 in other miscellaneous costs, including the obtaining of medical records, Fed-Ex shipping, and the Court's filing fee. I have reviewed all miscellaneous costs for which compensation is requested as well as the supporting documentation.  I find these costs to be reasonable.  Thus, I award Petitioner's requested costs in full.

Total costs to be awarded: **$4,867.30.**

### III. Conclusion

---

[6] *See* entries of 4/3/2018 (0.1 hours); 5/17/2018 (0.1 hours); 6/8/2018 (0.1 hours); 8/8/2018 (0.1 hours); and 12/4/2018 (0.1 hours).

[7] *See* entries of 2/5/2019 (0.1 hours); 4/2/2019 (0.1 hours); 4/3/2019 (0.1 hours); 5/8/2019 (0.1 hours); 8/7/2019 (0.1 hours); 10/15/2019 (0.1 hours); and 12/12/2019 (0.1 hours).

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fee and cost awards, and based on the foregoing, I **GRANT IN PART** Petitioner's application, as follows:

A lump sum in the amount of **$20,448.40**, representing reimbursement of Petitioner's interim attorneys' fees and costs in the form of a check jointly payable to Petitioner and her former attorney.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.

A copy of this decision shall be mailed to Petitioner by regular first-class mail at the following address:

**Barbara Plowman**
**9514 Diggs Gap Road Lot 3**
**Heiskell, Tennessee 37754**

A copy of this decision shall also be e-mailed to Petitioner at barbaraplowman@yahoo.com.

A copy of this decision shall be mailed to Petitioner's former attorney, Mr. Jeffrey S. Pop, by regular first-class mail at the following address:

**Jeffrey S. Pop**
**Jeffrey S. Pop & Associates**
**9150 Wilshire Boulevard**
**Suite 241**
**Beverly Hills, CA 90212-3429**

Any questions regarding this Decision may be directed to my law clerk, Neil Bhargava, at 202-357-6351, or by email at neil_bhargava@cfc.uscourts.gov

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master
